UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

B.L. Individually and through her
Parents and next friends Mr. and Mrs. T.L.,
Plaintiffs

v.                                                          CIVIL ACTION No.
                                                            3:02 CV 767 (CFD)

New Britain Board of Education,
Defendant                                                   November 14, 2003

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**I.INTRODUCTION**

This matter involving a four (4) count Complaint, alleging violations of the plaintiffs' state and federal special education rights secured by the Fourteenth Amendment of the U.S. Constitution; Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1400 et seq.; Section 504 of the Rehabilitation Act of 1973, as amended, (Section 504), 29 U.S.C. §794; Connecticut state special education statutes, Conn. Gen. Stat. §10-76, et seq.; and the Connecticut Uniform Administrative Procedures Act (UAPA), Conn. Gen. Stat. §4-166, et seq.; by the defendant New Britain Board of Education for the 2001-02 school year. The plaintiffs respectfully request the Court to exercise supplemental jurisdiction over the resolution of the matter set forth in the plaintiff's motion for summary judgment. 28 U.S.C. §1367 for the reason that the claim forms part of the same case and controversy and will not predominate over the claims which the Court has original jurisdiction.

The plaintiff B.L. was an eleven year old child who was identified in 1998 by the defendant as eligible to receive special education and related services pursuant to the IDEA, Section 504, and state special education laws as a child with a learning disability. On or about June 7, 2001 and June 19, 2001, the defendant convened a pupil

planning team (PPT) meeting in order to develop an Individual Education Plan (IEP) for the plaintiff B.L. for the 2001-02 school year. At those PPT meetings, the defendant presented information and reports that indicated that in its opinion, the plaintiff had made appropriate progress on her 2000-01 IEP goals and objectives and based upon those assertions of progress, the defendant developed an IEP for the 2001-02 school year. The parents of B.L. disagreed with the defendant's claim of educational progress and they requested placement at Ben Bronz Academy, a private special education school for students with learning disabilities, approved for such purposes by the State Department of Education. On or about June 28, 2002, the parents of B.L. wrote the defendant stating that they had rejected the proposed 2001-02 IEP stating that it would not provide B.L. with a free appropriate public education (FAPE) required by the IDEA, and that the IEP was inconsistent with the recommendations of Dr. Cherkes-Julkowski's recent independent educational evaluation (IEE). The parents of B.L. then proceeded to place B.L. at Ben Bronz Academy at their expense for the 2001-02 school year and then pursued their administrative remedies before commencing the instant action.

The parents of B.L. then requested a Due Process hearing in accordance with the rights secured by the IDEA, Section 504, and applicable state law in a letter dated September 12, 2001. The Connecticut Department of Education appointed an impartial administrative hearing officer (Hearing Officer) to hear and decide the plaintiff's request for a Due Process hearing and their request to be reimbursed for the tuition and related costs of the Ben Bronz Academy, should the Hearing Officer agree with their contention that the 2001-02 IEP would have denied B.L. FAPE.

The parents of B.L. arranged to have B.L. evaluated by Karen LaRussa, a private speech and language pathologist following the June, 2001 PPT meetings and prior to the commencement of the Due Process hearing. After the commencement of the Due Process hearing but prior to the issuance of the final decision by the Hearing Officer, the

2

parents of B.L. had arranged for Dr. Cherkes-Julkowski to complete an updated educational evaluation. Copies of these evaluation reports and other evidence was accepted by the Hearing Officer as evidence in the record of the administrative proceeding, without objection by the defendant.

The parents of B.L. testified at the Due Process hearing and they called as witnesses Dr. Cherkes-Julkowski, Karen LaRussa, Dr. Joel Bregman, and Dr. Susan Sharpe to discuss B.L.'s special education needs and whether the IEP proposed by the defendant for the 2001-02 school would provide her with FAPE or whether the program and placement at Ben Bronz Academy requested by the parents would provide B.L. with FAPE.

The Hearing Officer issued a final decision dated February 19, 2002 annexed to the Complaint as *Appendix-A*. In that administrative decision, the Hearing Officer found the defendant's proposed 2001-02 IEP would provide B.L. with FAPE and denied the plaintiffs' request for placement at Ben Bronz Academy and their request to be reimbursed for the tuition and related costs of that private special education placement. The plaintiffs then requested clarification of the Hearing Officer's final decision for the reason that the final decision was not supported by substantial evidence on the record insofar as the Hearing Officer failed to consider the reports and/or testimony of the plaintiffs or their professional witnesses. The Hearing Officer denied the plaintiffs' request for clarification of the final decision in a decision dated March 23, 2002. A copy of that decision was annexed to the Complaint as part of *Appendix-A*.

On or about May 3, 2002, the plaintiffs commenced the instant action by filing a Complaint in the federal court. The plaintiffs seek the reversal of the final administrative decision issued by the Hearing Officer and any other appropriate relief as provided for by the IDEA, Section 504, 29 U.S.C. §794, and applicable state law.

## II. STATEMENT OF FACTS

This case arises out of the plaintiffs' request for a Due Process hearing dated September 12, 2001. *Administrative Record No. H.O. 1. (hereinafter "AR".).* In that request, counsel for the plaintiffs had requested a Due Process hearing to contest the results of two PPT meetings convened by the defendant on June 7, 2001 and June 119, 2001. *AR- Board Exhibits Nos. B-68.* The plaintiff B.L. was first evaluated and identified as student with a learning disability by the defendant during the 1997-98 school year. *AR- Board Exhibits Nos. B-11, B-13, and B-14.* The defendant identified the plaintiff B.L. as eligible for special education and related services for each school year that followed the 1997-98 evaluation. *AR-Board Exhibits B-15, B-21, B-23, B-26, B-34, B-36, B-43, B-59, B-61, and B-68.* The parents of B.L. had expressed their concerns that in their opinion B.L. was not making the education progress reported by the defendant on her IEP goals and objectives and they had requested an independent educational evaluation (IEE) at the PPT meeting on November 29, 1999. *AR- Board Exhibit No. B-26 pp. 1-2.*

The defendant requested that the IEE be completed by a mutually agreeable person and the plaintiffs submitted the names of their proposed independent evaluators to the defendant following that PPT meeting. *AR- Board Exhibit No. 27.* The parties mutually agreed to have Dr. Cherkes-Julkowski complete the IEE. *AR- Board Exhibit Nos. B-30, B-32.* Dr. Cherkes-Julkowski completed an IEE in a seventeen (17) page report containing clinical findings and educational recommendations for B.L., dated April 19, 2000. *AR-Board Exhibit No. B-35.*

The parties convened a PPT meeting on June 1, 2000 to review the results of the report by Dr. Cherkes-Julkowski. *AR- Board Exhibit No. 36.* Certain questions were raised by the defendant at that PPT meeting regarding the IEE recommendations and the defendant had agreed to contact Dr. Cherkes-Julkowski for clarification of her recommendations in a letter dated June 9, 2000. *AR- Board Exhibit B-37.* Dr. Cherkes-

4

Julkowski responded to that inquiry in a telephone conference on June 9, 2000 and prepared a supplemental response. *AR-Board Exhibit No. 37.* The defendant scheduled a PPT meeting on September 7, 2000 to review the June 9, 2000 supplemental response prepared by Dr. Cherkes-Julkowski. *AR-Board Exhibit No. 43.* One of Dr. Cherkes-Julkowski's recommendations involved a psychiatric evaluation. *AR- Board Exhibit Nos. B-35, B-37.* The parties discussed the need for a mutually agreeable evaluator and they proceeded to exchange names, *AR- Board Exhibit Nos. B-45, B-46;* and agreed that Dr. Joel Bregman could complete that evaluation. *AR- Board Exhibit Nos. B-47, B-49.* Dr. Bregman completed the psychiatric evaluation in a six (6) report dated December 5, 2000. *AR-Board Exhibit No. B-58.* Dr. Bregman's evaluation report was discussed at a PPT meeting convened on December 20, 2000 and March 16, 2001. *AR-Board Exhibit Nos. B-59, B-61.* The defendant requested the opportunity to complete an updated educational evaluation following the March 16, 2001 PPT meeting.

The Board completed its educational evaluation during May and June, 2001. *AR—Board Exhibits Nos. B-64 to B-67.* The evaluation was reviewed at a PPT team meeting on June 7, 2001, in addition to the evaluation by Dr. Joel Bregman. . *AR-Board Exhibit No. B-68.* The plaintiff's rejected the Individual Education Plan (IEP) that the defendant had proposed for the 2001-02 school year as educationally inappropriate for B.L.'s special education needs and requested placement at the Ben Bronz Academy, a private special education school located in West Hartford, Connecticut. *AR- Board Exhibit Nos. B-68 (2), (3), B-71.* The defendant denied that request.

The plaintiffs requested a Due Process hearing as provided for in 20 U.S.C. §1400 *et seq.*, 34 CFR §300.500 *et seq.*, Section 504 of the *Rehabilitation Act,* and Section 10-76h of the *Connecticut General Statutes,* in a letter dated September 12, 2001. *AR-Hearing Officer No. 1.* The plaintiffs placed B.L. at Ben Bronz Academy at their expense and requested reimbursement of their educational costs from the defendant as part of the

5

issues presented in their request for a Due Process hearing. The State of Connecticut Department of Education assigned the plaintiffs' hearing request to Attorney Margaret Slez as the Due Process Hearing Officer to hear and then decide the case. *AR-Administrative Record Nos. AR-6 to AR-8.* The administrative hearing commenced on October 19, 2001 and the Due Process Hearing Officer issues a final decision dated February 19, 2002. *AR-Administrative Record No. 1.* The plaintiffs requested clarification of the Due Process Hearing Officer's decision on March 18, 2002 essentially for the reason that the Hearing officer had failed to consider the written evidence and/or testimony presented by their witnesses including Dr. Cherkes-Julkowski, Dr. Susan Sharpe, and Karen LaRussa, speech and language pathologist. *AR-Administrative Record No. 3.* The Due Process Hearing Officer denied the plaintiffs' motion for clarification in a decision dated March 25, 2002. *AR-Administrative Record No. 5.*

During the course of the administrative hearing, the plaintiffs had introduced sixteen (16) exhibits including a supplemental report prepared by Dr. Cherkes-Julkowski dated November 28, 2001, *AR-Parents' Exhibits No.14;* a speech and language evaluation report completed by Karen LaRussa dated June 30, 2001, *AR-Administrative Record Parents Exhibit No.10;* and a progress report from Ben Bronz Academy dated January 18, 2002. *AR- Parents Exhibit No. P-16.* However, in the final decision the Due Process Hearing Officer either failed or refused to discuss this evidence stating that Dr. Cherkes-Julkowski's evaluation would not be considered because it had not been presented at a PPT meeting, even though that report had established that B.L. had regressed in the defendant's program. *AR- Administrative Record AR-1 (4)-Finding Of Fact No.10.* The final decision was devoid of any discussion of the speech and language evaluation completed by Karen LaRussa or her testimony, coupled with the fact that this evaluator's findings and recommendations were markedly at odds with the defendant's speech and language report. *AR- Board Exhibits No. B-66.* Similarly, the final decision was

6

devoid of any discussion of the testimony from Dr. Susan Sharpe and the evaluations and progress reports that Ben Bronz Academy had completed since B.L.'s placement at that school. *AR- Parents Exhibits Nos. P-9, P-13*. Further, the final decision failed to reconcile the conflicting testimony concerning Dr. Joel Bregman's evaluation report and recommendations, *AR-Board Exhibit No. B-58*; stating that the psychiatrist had recommended small group instruction, *AR-Administrative Record No. AR-1 (5), Finding of Fact No. 13*, while completely ignoring Dr. Bregman's other recommendations including "... consideration for enrollment in a small, highly structured and organized program for students with mild to moderate learning disabilities...," *AR- Board Exhibit B-58 (5)*; as well as including the review of the ". recommendations of educational and learning specialists... particularly those made by Miriam Cherkes-Julkowski, Ph.D." *Id*. Similarly, the Hearing Officer failed to discuss and consider the testimony of the Board's witness Dr. Eric Colon-Rodriguez, a school psychologist who testified that based upon his review of the supplemental report prepared by Dr. Chrekes-Julkowski, including her recommendations, *AR-Parents Exhibit No. 14 (20) to (23)*, "were reasonable for a student with a learning disability like B.L." *Testimony of Dr. Colon-Rodriguez, Transcript of February 7, 2002 Hearing p. 244-45. (annexed hereto)*. Despite this and other evidence, the Hearing Officer concluded that the defendant's education program and placement for the 2001-02 school year was appropriate and the plaintiffs' request for reimbursement of their educational costs for Ben Bronz Academy was denied. *AR-Administrative Record-AR-1(9)*.

### III. ARGUMENT

 A. Standard of Review

  The standard for deciding motions for summary judgment under the *Federal Rules of Civil Procedures Rule 56* are well established. The Court is required to construe

7

the facts in the light most favorable to the non-moving party and identify any genuine issues of material fact that requires adjudication by the Court. *Anderson v. Liberty lobby* 477 U.S. 242, 247-48 (1986); *Schonholz v. Long Island Jewish Medical center* 87 F. 3d 72, 77 (2d Cir. 1996). If there are no material facts for the Court to adjudicate, then the moving party is entitled to summary judgment as a matter of law. *Silver v. City University of N.Y.* 947 F. 2d 1021, 1022 (2d Cir. 1991)(per curiam). " Summary judgment is thus warranted when the nonmoving party has no evidentiary support for an essential element on which it bears the burden of proof. " *Celotex Corp. v. Catrett* 477 U.S. 317, 322-23 (1986). All ambiguities and reasonable inferences are to be resolved in favor of the nonmoving party. *Anderson v. Liberty Lobby, supra* at 245.

In the case of judicial review of matters arising under the I.D.E.A., 20 U.S.C. §1414(I)(2)(A), in particular whether the defendant has provided the plaintiff B.L. with a free appropriate public education (FAPE), 20 U.S.C. §1412(a)(1), the administrative findings and conclusions of a Due Process Hearing Officer, the Court is required to give "due weight" to the state administrative proceedings. *Board of Education v. Rowley*, 458 U.S. 176, 206 (1982). [1]However, a reviewing Court is only required to give deference to a hearing officer's decision when it is supported by findings of facts in the record and is correct as a matter of law. *P.J. v. Connecticut Board of Education*, 788 F. Supp. 673,679 (D.Conn. 1992), *J.B. v. Killingly Board of Education* Docket No. 3:97 CV 1900 (GLG), (D.Conn. 1997) 25 IDELR 324. "Federal courts reviewing administrative determinations under the I.D.E.A. must base their decisions on the 'preponderance of the evidence,' taking into account not only the record from the administrative proceedings, but also any further evidence presented before the District Court. See 20 U.S.C. §1415(i)(2)(B)."*Grim v. Rhinebeck Central School District, slip op.*, __ F.3d __ (2d Cir. October 8, 2003). Judicial deference is warranted only if "...the state hearing officer's review has

---

[1] The Court is not "...to substitute its own notion of sound educational policy for those of the school authorities which they review." *Rowley, supra* at 206.

8

been thorough and careful." *Walczak v. Florida Free Union School District* 142 F. 3d at 129. The Court may find, for the reasons set forth herein, that judicial deference to the Due Process Hearing Officer's final decision and order is completely unwarranted.

<u>B. The Plaintiffs Are Entitled to Summary Judgement On the Fourth Count of the Complaint for the Reasons that the Hearing Officer's Decision is not Supported by Substantial Evidence on the Record to Support the Final Decision.</u>

The Due Process Hearing Officer concluded that the defendant had provided an IEP that provided FAPE to the plaintiff B.L. for the 2001-02 school year. *AR- Administrative Record-AR-1 (9)*. In reaching that conclusion, the Due Process Hearing Officer made twenty-four (24) findings of facts and three (3) conclusions of law. In effect, the Due Process Hearing Officer had determined that the challenged IEP for the 2001-02 school year was reasonably calculated to enable the plaintiff B.L. to receive educational benefits. *Rowley, supra* at 206-07; *accord Walczak v. Florida Free Union School District* 142 F.3d 119, 129 (2d Cir. 1998). In reaching that conclusion, the Due Process Hearing Officer had to find that the challenged IEP would provide the plaintiff B.L. with FAPE. However the record has established that the plaintiff's had presented testimony for Dr. Cherkes-Julkowski and a supplemental evaluation report, *AR- Parents Exhibit No. 14*, that conclusively established that the plaintiff B.L. was not making educational progress and may have regressed. In particular, this witness testified that she had found that B.L's Woodcock-Johnson scores, math scores, reading skills, and phonological skills had all declined significantly from the point of her original evaluation report dated April 19, 2000, *AR-Board Exhibit No. B-35*, and her second evaluation on November 28, 2001. *AR- Parent Exhibit No. P-14. Transcript of Dr. Cherkes-Julkowski pp. 27 -38 (January 8, 2002)(Transcript annexed hereto)*. Further, the witness testified that she was unable to find any evidence that her April 19, 2000 recommendations had been sufficiently incorporated into B.L's IEP following that evaluation. *Testimony of Dr. Cherkes-Julkowski p. 27*. Rather than discuss the

9

significance of these findings and Dr. Cherkes-Julkowski's testimony and reconcile it with the defendant's testimony, the Hearing Officer summarily dismissed that testimony and the supplemental report altogether finding that it "...would be disregarded for the purpose of this decision," because it had not been presented to the PPT. *AR- Administrative Record- AR-1 (4)(Finding of Fact No. 10)*. Further, the Hearing officer found that the supplemental report, *AR-Parent Exhibit No. P-14*, was not credible,[2] because it was "... markedly at odds with Board personnel testimony during the course of the hearing... ."*Id.* However, that finding ignores the testimony of the defendant's school psychologist Dr. Colon-Rodriguez who opined that in his professional opinion the recommendations of Dr. Cherkes-Julkowski in *AR-Parents Exhibit No. P-14*, were "... reasonable for a student with a learning disability like B.L." *Transcript of Testimony of Dr. Colon-Rodriguez p. 244-45 (2/7/02). (Transcript annexed hereto.)*.

      Karen LaRussa, speech and language pathologist, evaluated the plaintiff B.L. on June 300, 2001 and prepared an evaluation report. *AR- Parents Exhibit No. P-10*, approximately eight weeks after Anne Butterfield, the defendant's speech and language pathologist had completed her evaluation report. *AR- Board Exhibit No. B-66*. The two evaluators had reached completely opposite findings regarding B.L. phonological processing disorders and whether B.L. required extensive speech and language services to remediate the phonological processing disorder. Rather than reconcile the competing findings and recommendations of the speech and language pathologists, the Due Process Hearing Officer had failed to even discuss Karen LaRussa's evaluation report or her testimony. There was no discussion or determination of this witnesses credibility, unlike the credibility determination regarding Dr. Cherkes-Julkowski's evaluation report. Instead, the Hearing officer discussed the defendant's report that

---

[2] The Hearing officer found the report, not the testimony from Dr. Cherkes-Julkowski not credible. *AR- Administrative Record- AR-1 (4)(Finding of Fact No. 10)*.

10

established no need for speech and language services, *AR-Board Exhibit No. B-66, AR-Administrative Record No. AR-1 (7)(Finding of Fact No. 21)* even though there was substantial and credible evidence in Karen LaRussa's evaluation report supporting the need for ongoing speech and language services.

The Due Process Hearing Officer found that Dr. Joel Bregman had recommended that "...every effort should be made to plan individual and small group instruction during times of day when major subjects are not being taught. *AR- Administrative Record No. AR-1 (5)(Finding of Fact No. 14.)*. However, that finding completely ignores Dr. Bregman's recommendation that B.L. "... needs cannot be met in a reasonable fashion, consideration for enrollment in a small, highly structured and organized program for students with mild to moderate learning disabilities may become necessary." *AR- Board Exhibit No. 58 (5)*. Dr Bregman further recommended that "[t]he recommendations of educational and learning specialists should be reviewed; particularly those made by Miriam Cherkes-Julkowski." *Id.*[3] In his direct testimony, Dr. Bregman stated that he agreed that B.L. had been properly diagnosed with a learning disability and that she was "quite anxious, had difficulties with self confidence, and self esteem, and despite special education services, she was not making the progress to the level that I thought she should. ... [H]owever she did experience a good deal of academic failure despite repeating the third grade, was unable to keep up with her classmates." *Transcript of Testimony of Dr. Bregman p/ 7 (12/17/01)(Transcript annexed hereto.)*. The witness also testified that he had recommended that Dr. Cherkes-Julkowski's recommendations were supposed to be incorporated into B.L.'s special education program. *Id. at p. 9*. The witness also testified that as of June 11, 2001, the date of his addendum report, *AR-Board Exhibit No. B-69*, B.L. special education program was not appropriate because

---

[3] Dr Cherkes-Julkowski had testified that she saw little evidence that any of her recommendations had been incorporated into B.L.'s IEP. *Transcript of Testimony of Dr. Cherkes-Julkowski p.27 (1/8/02)*.

11

> "... she was not doing well. [T]he concern I had was that in order to provide her with a lot of the special services and interventions that she required, it meant that she would spend a good deal of time out of her classroom. And because these interventions were not part of the regular education format. And she was anxious and concerned about her standing with her peers... . So it was a bit of a struggle to balance her special needs with her being part of the mainstream class. And it seemed as though the school was trying very hard to provide what they could within their ability and within the programs that they have, yet she continued to struggle. And my recommendation was to consider, at least [a] (sic) short-term placement in a specialized school where she could have the interventions delivered as part of the routine of the school. ... My concern was that her anxiety would increase, that her academic performance would decrease. ... The type of school that I though—the type of school program that I thought be best for her was one for students with Learning Disabilities, rather than one for students with serious conduct difficulties and anti-social behavior. "

*Transcript of Testimony of Dr. Bregman pp. 11-12.*

The information set out in Dr. Bregman's initial evaluation report and his addendum, *AR- Board exhibits Nos. B- 58 and B-69*, coupled with his direct testimony on the record of the administrative hearing presents a significantly different evidentiary picture that the information incorporated into the Hearing Officer's *Finding of Fact No. 13*. In fact the Court could find that there was an insufficient evidentiary basis for this finding when the totality of Dr. Bregman's written reports and oral testimony is considered, rather that the sparse recitation recorded by the hearing Officer in order to produce what appears to be a results oriented decision.

The Director of Ben Bronz Academy, Dr. Susan Sharpe, provided extensive testimony regarding her evaluation report, *AR- Parents Exhibit No. P-13* and the mid year progress report, *AR- Parents Exhibit No. P-16*, and how that private special education school was meeting each of B.L.'s needs. *Transcript of Dr. Sharpe, passim, (November 16, 2001)(Transcript annexed hereto.)*. However, there is not a scintilla of any discussion regarding that witness' testimony or her findings in the Due Process hearing Officer's final decision. The issue of Ben Bronz Academy was properly raised by the plaintiffs at the June 6, 2001 PPT meeting and the defendant denied that request. *AR-Board Exhibit No. B-68, (4)*. This is in complete contrast to the Hearing Officer's rationale for excluding Dr.

Cherkes-Julkowski's supplementary evaluation from consideration because that had not been presented at a PPT meeting.

As a general rule, an administrative hearing officer's decision must be supported by substantial evidence. See, *Balsamo v. Chater* 142 F. 3d 75, 79 (2d Cir. 1998). Generally, substantial evidence is evidence that a reasonable mind would accept as adequate to support a conclusion; it is more than a 'mere scintilla.' *Richardson v. Perales* 402 U.S. 389, 401, 91 S. Ct. 1420 (1971). The substantial evidence rule also applies to inferences and conclusions that are drawn from findings of facts. See *Gonzales v. Apfel*, 23 F. Supp. 179, 189 (D. Conn. 1998). In order to determine if the administrative decision was reasonable, the Court is required to review the record to determine if there was a reasonable basis for the hearing officer's factual findings. *Ruiz v. Apfel*, 98 F. Supp. 200 (D. Conn. 1999) citing *Dotson v. Shalala* 1 F. 3d 571, 577 (7th Cir. 1993). While these cases apply to judicial review of Social Security cases, the principles apply with equal force to judicial review of cases arising under Connecticut's *Uniform Administrative Procedures Act, Conn. Gen. Stat.* §4-166, *et seq.*, that governs Due Process Hearing proceedings in Connecticut.[4] For example, the Connecticut Supreme Court has recently stated that:

> " a court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that the substantial rights of the person have been prejudiced because the administrative findings, inferences, conclusions, or decisions are … clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record.…
> This limited standard of review dictates [w]ith regard to questions of fact it is neither the function of the trial court not of this court to retry the case or to substitute its judgment for that of the administrative agency.… An agency's factual determination must be sustained if it is reasonably supported by substantial evidence in the record taken as a whole.… Substantial evidence

---

[4] The provisions of 34 CFR §300.509(a) provide the general outline of the rights to an impartial hearing pursuant requested pursuant to 34 CFR §300. 507. However, the actual hearings are conducted by the State Department of Education pursuant to Connecticut's *Uniform Administrative Procedures Act, Conn. Gen. Stat.* §4-166, which applies to any contested hearing conducted by an agency of the State of Connecticut, including the Department of Education. See, *Conn. Gen. Stat.* §10-76h and *Unified School District No. 1 v. State Department of Education*, 45 Conn. App. 57, 65, 699 A. 2d 1077, 1082 (1997).

13

> exits if the administrative record affords a substantial basis of fact from which the fact at issue can be reasonable inferred. ... This substantial evidence standard is highly deferential and permits less judicial scrutiny than a clearly erroneous or weight of the evidence standard of review. . The burden is on the plaintiffs to demonstrate that the [agency's] factual conclusions were not supported by the weight of substantial evidence on the whole record. (citations omitted)."

*Board of Education v. Commission on Human Rights and Opportunities* 266 Conn. 492, 503-04, Vol. LXV *Conn. L.J.* No. 18 p.54, (October 28, 2003)

Applying these federal or state administrative law principles to the present matter, the Court may reasonably conclude that the Due Process Hearing Officer's final decision and order was not supported by substantial evidence. While the Due Process Hearing Officer was free to evaluate the credibility of the witnesses, *Lieb v. Board of Examiners for Nursing* 177 Conn. 78, 86 (1979), in the present matter the hearing officer Did not finding instead that Dr. Cherkes-Julkowski's supplemental evaluation report *not credible, AR-Administrative record-AR-1 (4)(Finding of Fact No. 10),* because it had conflicted"... with Board personnel testimony during the course of the hearing...." *Id.* The Due Process Hearing Officer was not free to completely reject or ignore substantial evidence on the record and then make factual findings, which could not have been "... legally, logically and reasonably found... ," *Ruwet-Sibley Equipment Corp. v. Stebbins* , 15 Conn. App. 21, 25 (1988); and then conclude that the opposite was true. *Nelson v. Nelson* 13 Conn. App. 355, 359 (1988). Consequently, this Court may find that there exists an evidentiary lacuna to support the Due Process Hearing Officer's final decision and order. In the absence of sufficient findings of fact supported by substantial evidence, the Court is not required to accord substantial deference to the hearing officer's determination. See, *P.J. v. Connecticut Board of Education* 788 F. Supp. 673, 679 (D. Conn. 1992).

When reviewing an administrative agency's decision, the Court's ultimate function is to decide whether or not the agency had acted unreasonably, arbitrarily, illegally, or had abused its discretion. *Buckley v. Muzio* 200 Conn. 1, 3 91986). If the Court

should find that the Hearing Officer made either invalid or insufficient findings of fact, the Court may either remand the matter to the agency for further proceedings, Hartford v. Hartford Electric Light Co., 172 Conn. 71,72 (1976); or in the present matter the Court could conclude that the defendant had failed to sustain its burden of proof regarding the provision of FAPE for the 2001-02 school year, by a preponderance of the evidence standard. Walczak v. Florida Free School District 142 F. 3d 119, (2d Cir. 1998). [5]As a matter of law, the Court should find that there is material fact in dispute as the Fourth Count of the Complaint, and find that Due Process Hearing Officer's decision and administrative findings adversely affected the plaintiff's substantial rights because the administrative findings, inferences, and conclusions or decisions were in violation of constitutional or statutory provisions, based upon unlawful procedures, affected by errors of law, clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, and arbitrary, capricious, and characterized by an abuse of discretion. Conn. Gen. Stat. §4-183 (j); P.J. v. Connecticut Board of Education, 788 F. Supp. at 679; and order any appropriate legal and equitable relief, including but not limited to an award of the educational costs incurred for the 2001-02 school year at Ben Bronz Academy, an approved private special education school for the reason that there is an absence of substantial evidence on the record to establish that the defendant's IEP for the 2001-02 school provided B.L. with FAPE and because there was substantial evidence on the record establishing that Ben Bronz Academy was appropriate to B.L.'s educational and other needs. Burlington v. Department of Education, 471 U.S. 359, 370, 105 S. Ct 1996(1985), Florence County v. Carter 510 U.S. 7 (1993), as requested in the Complaint.

---

[5] Connecticut State Regulations 10-76h-14 (the school district has the burden of proving the appropriateness of its proposed IEP.).

## IV. CONCLUSION

WHEREFORE, for the foregoing reasons, the plaintiffs respectfully request the Court to grant them summary judgment of the Fourth Count of their Complaint and grant them any other appropriate legal and equitable relief thereon deemed just and proper.

Respectfully submitted,

THE PLAINTIFFS

By_____
Lawrence W. Berliner
Howard Klebanoff, P.C.
433 South Main Street
Suite 102
West Hartford, CT 06110
1-860-313-5005
Federal Bar No. ct7002

### CERTIFICATION

I hereby certify that a copy of the foregoing motion and memorandum of law was sent to Attorney Nicole Bernabo, Sullivan, Schoen, Campane, and Connon, 646 Prospect Avenue, Hartford, CT 06105-4286, on this 14th day of November, 2003.

_____
Lawrence W. Berliner