UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



2003 NOV 20  P 12: 35

US DISTRICT COURT
HARTFORD CT

B.L. Individually and through her
Parents and next friends Mr. and Mrs. T.L.,
Plaintiffs

CIVIL ACTION No.
v.                                                3:02 CV 767 (CFD)

New Britain Board of Education,
Defendant                                November 16, 2003


### PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In accordance with the provisions of the *Local Rules of Civil Procedure 9(c)*, as amended, the plaintiffs submit the following as their statements of material facts not in dispute:

1. The plaintiff B.L. attended New Britain Public Schools during the period encompassed by the Complaint up to and including the 01-02 school year.

2. The defendant operates a public school district established under the laws of the State of Connecticut.

3. The plaintiff B.L. has resided with her parents in New Britain, Connecticut during the period encompassed by the Complaint and continues to reside there at the present time.

4. The defendant had evaluated the plaintiff B.L. during the 1997-98 school year and determined that she was eligible for special education and related services pursuant to state and federal special education laws, as a student with a learning disability. (LD). *Administrative Record _Board Exhibit Nos. B-11 to B-14.*

5. The defendant developed an individual education plan (IEP) at PPT meetings during the period encompassed by the Complaint. *Administrative Record- Board Exhibits- B-15, B-21, B-23, B-26, B-34, B-36, B-43, B-59, B-61, and B-68.*

6. The parents of B.L. had attended the various PPT meetings convened by the defendant at all times encompassed by the Complaint. *Id.*

7. On or about November 29, 1999, the plaintiffs requested an independent educational evaluation from the defendant because they did not believe that B.L. was making the educational progress reported by the defendant. *Administrative Record- Board Exhibit B-26 (1), (2).*

8. Dr. Miriam Cherkes-Julkowski was mutually agreed upon by the parties to complete the independent evaluation. *Administrative Record B-27.B-30, B-32.*

9. On or about April 19, 2000, Dr. Cherkes-Julkowski had completed her independent evaluation. *Administrative Record B-35.*

10. On or about June 1, 2000, the parties met at a PPT meeting in order to discuss the findings and recommendations set forth in Dr. Cherkes-Julkowski's evaluation report. *Administrative Record-B-36.*

11. At that PPT meeting, the defendant raised certain questions regarding some of Dr. Cherkes-Julkowski's findings and recommendations and the defendant had agreed to contact that evaluator in order to obtain a clarification of the defendant's concerns. *Administrative Record-B-37.*

12. On or about June 9, 2000, Dr. Chekes-Julkowski provided the defendant with a telephonic and written response to its request for clarification as a supplement to her evaluation report. *Administrative Record-B-37.*

13. On or about September 7, 2000 the parties met at a PPT meeting in order to review Dr. Cherkes-Julkowski's supplemental responses, including the recommendation for a psychiatric evaluation. *Administrative Record-B-35, B-37, and B-43.*

14. On or about October 7, 2000, the parties mutually agreed to have Dr. Joel Bregman complete a psychiatric evaluation of B.L., per the recommendations of Dr. Cherkes-Julkowski. *Administrative Record-B-45, B-46, B-47, B-48, and B-49.*

15. Dr. Bregman completed his psychiatric evaluation on or about December 5, 2000. *Administrative Record-B-58.*

16. On or about December 20, 2000 and March 16, 2001, the parties met at a PPT meeting in order to discuss the findings and recommendations set forth in Dr. Bregman's evaluation report. *Administrative Record-B-59 and B-61.*

17. At that PPT meeting, the defendant raised certain questions regarding Dr. Bregman's report and the defendant had agreed to contact that psychiatrist in order to obtain a clarification of the defendant's concerns. *Administrative Record-B-60.*

18. On or about June 11, 2002, Dr. Bregman provided the defendant with a written response to its request for clarification. *Administrative Record-B-69.*

19. During May and June, 2001, the defendant completed an educational evaluation of B.L.'s special education needs. *Administrative Record-B-64 to B-67.*

20. On or about June 7, 2001 and June 19, 200, the defendant convened a PPT meeting in order to develop an IEP for B.L. for the 2001-02 school year. *Administrative Record-B-68.*

21. The defendant presented information at those two PPT meetings in support of its claim that the plaintiff B.L. had made appropriate educational progress in the special education program during the 2000-01 school year and that it could meet B.L.'s special education needs in its educational program. *Administrative Record-B-68.*

22. The parents of B.L. disagreed with the defendant's contention and they presented information at those PPT meetings in support of their contention that B.L. had not made appropriate educational progress. *Id.*

23. The defendant proposed an IEP for B.L. for the 2001-02 school year at those PPT meetings. *Administrative Record-B-68 (3).*

24. The parents of B.L. advised the defendant that the proposed IEP would not meet B.L.'s special education needs and they had rejected the defendant's proposed IEP and requested placement at Ben Bronz Academy, a private special education school located in West Hartford, Connecticut. *Administrative Record-B-68 (3).*

25. The defendant refused the plaintiffs' request for placement at Ben Bronz Academy for the 2001-02 school year. *Id.*

26. In a letter dated June 28, 2001, the plaintiffs wrote the defendant to confirm that the IEP for the 2001-02 had been rejected and to confirm that they had requested placement at the Ben Bronz Academy for the 2001-02 school year. *Administrative Record-B-71.*

27. Ben Bronz Academy is a private special education school for students with learning disabilities that has been approved by the State Department of Education.

28. On or about June 30, 2001, the plaintiffs retained Karen LaRussa, speech and language pathologist, in order to evaluate B.L.'s speech and language needs. *Administrative Record-P-10.*

29. On or about November 28, 2001, the plaintiffs arranged to have Dr. Cherkes-Julkowski completed an educational evaluation. *Administrative Record-P-14.*

30. The plaintiffs requested a Due Process hearing from the State Department of Education per a letter dated September 12, 2001 in order to contest the defendant's decision. *Administrative Record-Hearing Officer Exhibit No.1, AR-6 (1).*

31. The plaintiffs placed B.L. at Ben Bronz Academy and requested the defendant to release B.L.'s educational and other records to that private school. *Administrative Record-B-70.*

32. The State Department of Education assigned the request for a Due Process hearing to Attorney Margaret Slez. *Administrative Record-AR-6 (1).*

33. The plaintiffs introduced sixteen exhibits during the course of the administrative hearing, *Administrative Record-P-1 to P-16,* including a report by Dr. Cherkes-Julkowski, *Administrative Record-P-14;* a report by Karen LaRussa, *Administrative Record-P-10;* and education and evaluation reports from Ben Bronz Academy. *Administrative Record P-9, P-13 and P-16.*

34. The first day of the Due Process hearing was convened by Attorney Slez on October 19, 2001 and the final decision was dated February 19, 2002. *Administrative Record- AR-1.*

35. The final decision contained twenty-four (24) findings of facts and three (3) conclusions of law. *Id.*

36. The Due Process Hearing Officer found the defendant's educational program for the 2001-02 school year was appropriate for B.L.'s needs and rejected the plaintiff's request for reimbursement of their educational costs for Ben Bronz Academy. *Administrative Record-AR-1 (Final Decision and Order Nos. 1 and 2.).*

37. The Due Process Hearing Officer's findings of fact failed to contain any findings or discussion of the testimony presented on the record on the record of the November 16, 2001 hearing from Dr. Susan Sharpe, Ben Bronz Academy Director; or 2001—02 school year reports or evaluations reports from Ben Bronz Academy in the final decision. *Administrative Record-P-9, P-13, and P-16.*

38. The Due Process Hearing Officer's findings of facts failed to contain any findings or discussion of any of the testimony on the record from Karen LaRussa, or that witness' evaluation report in the final decision. *Administrative Record-P-10.*

39. The Due Process Hearing Officer's findings of facts failed to contain any findings or discussion of the testimony on the record presented on the record on January 8, 2002 by Dr. Cherkes-Julkowski. *Administrative Record-AR-1 (4)(Finding of Facts No. 10.).* Instead, the Due Process Hearing Officer discussed the April 19, 2000 evaluation report completed by Dr. Cherkes-Julkowski, *Administrative Record-B-35,* by quoting from portions of that report. *Administrative Record-AR-1 (4)(Findings of Facts No. 10.).*

40. The Due Process Hearing Officer did not discuss any of the results of the second evaluation report dated November 28, 2001 from Dr. Cherkes-Julkowski, *Administrative Record- P-14,* or her testimony presented on the record regarding that report; and found instead that report was not credible because it had conflicted with testimony presented by the defendant at the administrative hearing and because the evaluation report had not been presented at a PPT meeting. *Administrative Record-AR-1 (4)(Findings of Fact No. 10).*

41. The Due Process Hearing Officer's findings of facts failed to discuss Dr. Joel Bregman's evaluation report's recommendations for small group instruction, implementation of the educational recommendations from Dr. Cherkes-Julkowski, or the psychiatrist's recommendation for a placement in a school for student's with mild to moderate learning disabilities. *Administrative Record-B-58 (5), B-69;* or the witness's testimony presented

on the record of the December 17, 2001 hearing establishing B.L.'s academic failure in the defendant's educational program, anxiety and B.L.'s difficulties with self-esteem and self-confidence despite the her placement in the defendant's special educational program. *Transcript of Testimony of Dr. Bregman, pp.7, to 12. (12/17/01).*

42. The Due Process Hearing Officer's Findings of Facts fail to discuss any of the testimony presented on the record of the February 7, 2002 hearing by the defendant's school psychologist Dr. Eric Colon-Rodriguez regarding the reasonableness of the recommendations from Dr. Cherkes-Julkowski. *Transcript of Testimony of Dr. Colon-Rodriguez, pp. 244-45 (2/7/02).*

43. The plaintiffs requested reconsideration and clarification of the Due Process Hearing Officer's final decision on March 18, 2002. *Administrative Record-AR-3.*

44. The Due Process Hearing Officer denied the plaintiffs' request for reconsideration and clarification in a decision dated March 25, 2002. *Administrative Record-AR-5.*

THE PLAINTIFFS

By_____
Lawrence W. Berliner
Howard Klebanoff, P.C.
433 South Main Street
Suite 102
West Hartford, CT 06110
1-860-313-5005
Federal Bar No, ct 7002

**CERTIFICATION**

I hereby certify that a copy of the foregoing was faxed to the law office of Attorney Nicole Bernabo at 1-860-233-0516 on this 16th day of November, 2003 and that a hard copy was sent via U.S. mail postage prepaid or overnight delivery service to Attorney Nicole Bernabo, Sullivan, Schoen, Campane, and Connon, 646 Prospect Street, Hartford, CT 06105-4286, on this 17th day of November, 2003 at approximately 5:30 p.m. I further certify that I was not in possession or otherwise in receipt of any of the defendant's pleadings and/or memorandum of law pertaining to the dispositive motions that may have been filed by the defendant on or about November 14, 2003, on November 16, 2003, when the foregoing pleading was researched and written by the undersigned.

_____
Lawrence W. Berliner