UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| B.L., individually and through her Parents and next friends, Mr. & Mrs. T.L., | : | CIVIL ACTION NO. 3:02CV767 (CFD) |
| Plaintiffs | : | |
| v. | : | |
| New Britain Board of Education, Defendants | : | December 9, 2003 |

### DEFENDANT NEW BRITAIN BOARD OF EDUCATION'S MEMORANDUM IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

The plaintiffs bring the instant action under 20 U.S.C. §1415 of the Individuals with Disabilities Education Act (IDEA) against defendant New Britain Board of Education, seeking to reverse the underlying administrative "due process" hearing decision. On or about November 14, 2003, both the plaintiffs and the defendant moved for summary judgment. The defendant now submits the instant memorandum in opposition to the plaintiff's motion for summary judgment. The defendant hereby asserts that its own previous motion for summary judgment, as well as its Local Rule 9(c)(1) Statement of Undisputed Facts and memorandum of law in support of its motion for summary judgment not only support the defendant's request that judgment be entered in its favor, but also serve as an objection to the plaintiffs' motion for summary judgment.

Although the Board could easily replicate in this Memorandum in Opposition the facts and legal citations contained in its own summary judgment papers, to do so would simply serve to reiterate what the court will have already read and understood, namely that there is no basis for the plaintiffs' appeal. Given the evidence and the legal arguments set forth in the Board's November 14, 2003 summary judgment filings, as well as the facts contained in the Board's Local Rule 9(c)(2) Statement, which is filed herewith, the Board limits this Memorandum in Opposition to noting the more blatant errors in the plaintiffs' reasoning.

Therefore, with this Memorandum in Opposition, its Local Rule 9(c)(2) Statement, and its November 14, 2003 filings, the Board asserts that the plaintiffs have failed to satisfy their burden of establishing a legally sufficient basis for reversing the State of Connecticut Department of Education hearing officer. Therefore, the Board respectfully requests that this court deny the Plaintiffs' Motion for Summary Judgment, grant the Board's summary judgment motion, and thereby affirm the hearing officer's Final Decision and Order in the administrative due process hearing from which the plaintiffs appeal.

2

## I. LEGAL ARGUMENT

**A.  The Plaintiffs Have Failed To Satisfy Their Burden Of Proving That The Hearing Officer's Decision In The Underlying State Of Connecticut Department Of Education Special Education Hearing Should Be Reversed.**

At page 15 of their Memorandum of Law in Support of Motion for Summary Judgment ["Plaintiffs' Brief"], the plaintiffs assert that in the administrative hearing the Board bore the burden of establishing the appropriateness of the placement that the PPT proposed at the New Britain public school district program. And, at the hearing, that is precisely what the Board did. As with the educational program prescribed in the IEP, the appropriateness of a particular placement is "gauged by whether the IEP is 'sufficient to confer some educational benefit.'" Carlisle Area School v. Scott P., 62 F.3d 520, 533 (3rd Cir. 1995), *cert. denied*, 517 U.S. 1135 (1996)(quoting Hendrick Hudson School District Board of Educ. v. Rowley, 458 U.S. 176, 200 (1982)). That is because the obligation to provide an IEP, including with respect to placement, "generates no additional requirement that the services so provided be sufficient to maximize each child's potential." Rowley, 458 U.S. at 198. Since the IDEA guarantees an "appropriate" education, "not one that provides everything that might be thought desirable by loving parents," Tucker v. Bay Shore Union Free School District, 873 F.2d 563, 567 (2nd Cir. 1989), "[a]ll the school system must provide is an IEP which is 'reasonably calculated' to provide an 'appropriate

3

LAW OFFICES • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

education.'" Rome School Comm. v. Mrs. B., 247 F.3d 29, 33 (1st Cir.2001). The Board's November 14, 2003 Statement of Material Facts Not in Dispute, pages 9 through 15 of its November 14, 2003 Memorandum of Law in Support of its Motion for Summary Judgment, and B.L.'s education records, which the Board submitted as exhibits in the underlying administrative hearing and which were filed with this court, all unambiguously demonstrate that B.L. was making academic progress during her time in the New Britain Public Schools. The plaintiffs' November 14, 2003 brief fails to make any argument that contradicts the Board's position in this regard.

The plaintiffs, themselves, do not take issue with the appropriateness of the previous years' programming provided to B.L. by the New Britain. Indeed, the only issue raised by the parents in their request for due process involved the appropriateness of the proposed IEP for the 2001-02 school year. This is significant because a determination of whether the district's program was appropriate must be made based on the information that was provided to the PPT during the 2000-2001 school year at the time that the IEP was proposed. Fuhrmann v. East Hanover Bd. of Educ., 993 F.2d 1031, 1041 (3d Cir.1993)(citations omitted)("Actions of the school systems cannot ... be judged exclusively in hindsight.... [A]n individualized education program ("IEP") is a snapshot, not a retrospective. In striving for 'appropriateness,' an IEP must take into account what was, and was not, objectively reasonable when the snapshot was taken,

4

that is, at the time the IEP was drafted."); see <u>Gregory K. v. Longview Sch. Dist.</u>, 811 F.2d 1307, 1314(9th Cir. 1987).

In this regard, the administrative hearing record exemplifies the collaborative decisionmaking process where the PPT met on numerous occasions to formulate reasonable, objective goals for B.L. and provide a detailed account of services that would permit her to benefit from her educational program during the 2001-02 school year. Board Exhibit 68. The IEP was discussed at two separate meetings -- June 7, 2001 and June 19, 2001 - and was based upon B.L. current educational functioning and recent evaluation results. Board Exhibits 65-68; see Board's Rule 9(c)(1) Statement, pp.17 through 22. The objective goals, including benchmarks, set by the PPT were entirely appropriate given the information available to the school district at the time that the IEP was recommended. Board Exhibit 68.

In this case, the family is really attempting to persuade this court, as it attempted to do with the hearing officer, that B.L. deserves an educational program in the form of a Cadillac, not a Chevrolet. <u>Doe v. Bd. of Educ. of Tullahoma City Schools</u>, 9 F.3d 455, 459-460 (6th Cir. 1993) The requests of the family go far beyond what public school systems are required to provide to children who are identified for special education services. The hearing officer - who was in the best position to weigh the testimony in this case -- heard the Board witnesses describe what was recommended for B.L. and found that the educational program, including all the related services, was appropriate. What the parents are seeking for their daughter in terms of a private school

*LAW OFFICES* • **SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC** • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

education, given the resources of the school district and the educational needs of B.L. - is far beyond what was contemplated by Congress.

> [T]he Act sets more modest goals: it emphasizes an appropriate, rather than an ideal, education; it requires an adequate, rather than an optimal, IEP. Appropriateness and adequacy are terms of moderation. It follows that, although an IEP must afford some educational benefit to the handicapped child, the benefit conferred need not reach the highest attainable level or even the level needed to maximize the child's potential.

Lenn v. Portland School Committee, 998 F.2d 1083, 1086 (1st cir. 1993)

As noted, in determining whether an educational placement is appropriate, it must "be 'reasonably calculated to enable the child to receive educational benefits' . . . it must be 'likely to produce progress, not regression.'" M.S., ex rel S.S. v. Board of Educ. of the City Sch. Dist. of the City of Yonkers, 231 F.3d 96, 103 (2000)(internal citations omitted). See also Walczak v. Florida Union Free Sch. Dist., 143 F.3d 119, 130 (2d Cir. 1998). In other words, the Board had no obligation to prove that the public school placement would "provide the optimal level of services, or even a level that would confer additional benefits, since the IEP required by IDEA represents only a 'basic floor of opportunity.'" Walczak, 142 F.3d at 132 (quoting Rowley, 458 U.S. at 201). Consequently, the PPT's proposed placement of B.L. could only have been deemed inappropriate if there was "objective evidence" that such a placement would cause "regression." Walczak, 142 F.3d at 133. In the absence of any such evidence, the Board must be

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

deemed to have "satisfied its obligations under the IDEA and the necessary inquiry is at an end." M.C. v. Voluntown Bd. of Educ., 226 F.3d 60, 66 (2d Cir. 2000).

There was no credible evidence introduced at the hearing, or argued by the plaintiffs in their November 14, 2003 brief, that the placement proposed by the PPT would have caused "regression." To the contrary, the placement at New Britain's program was clearly designed to address B.L.'s educational and emotional needs and to ensure that she would receive a free appropriate public education in the least restrictive environment. Accordingly, the plaintiffs have failed to satisfy their burden of proof with regard to their motion for summary judgment that the hearing officer's decision should be overturned, and this motion should be denied.

### B. The Hearing Officer Was Entitled To Determine The Appropriate Weight To Give Witness Testimony.

The plaintiffs assert that the hearing officer erred in not discussing the parents' witness testimony. Plaintiffs' Brief, pp. 9-15. Once the hearing officer found the Board's program to be appropriate, it was unnecessary for her to consider and recite the testimony of Dr. Susan Sharpe and Karen LaRussa – who testified exclusively about the student's performance after she had already been unilaterally placed at the private placement, Ben Bronz Academy. Dr. Susan Sharpe worked with B.L. at Ben Bronz and did not testify at all about the New Britain program. 11/16/01 Transcript, pp.6-120. Ms.. Karen LaRussa evaluated the Student on or about June 30, 2001 – after the parents notified the Board that B.L. was being enrolled at Ben Bronz Academy,

7

The plaintiffs' argument regarding the lack of reference by the hearing officer to their witnesses' testimony overlooks the fact that the hearing officer predicated her decision upon twenty-four enumerated paragraphs of factual findings and three enumerated paragraphs of legal conclusions. Administrative Record, AR-1.[1]  By focusing on the hearing officer's findings with respect to Dr. Sharpe, Ms. LaRusso and Dr. Bregman's testimony, the plaintiffs attempt to divert the court's attention from these other factual findings and legal conclusions, including her finding that "[t]he Board personnel demonstrated that they are cognizant of and able to provide the support necessary to meet the student's learning and social/emotional needs." AR-1, p.8 (Finding No. 24).  In any event, assessing witness credibility is clearly within the discretion of the hearing officer.

Even were the hearing officer's decision predicated solely upon her assessment of Board witnesses, the Second Circuit has recognized that trial courts are in a "unique position to assess the credibility of the witnesses and to determine the weight which should be accorded their testimony." Song v. Ives Laboratories, Inc., 957 F.2d 1041, 1047 (2d Cir. 1992). "Trial judges have the unique opportunity to consider the evidence in the living courtroom context . . . while appellate judges see only the cold paper record." Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 438, 116 S. Ct. 2211, 2225 (1996)(internal quotations omitted).  Consequently,

---

[1] To the extent that the findings of fact actually represent conclusions of law, they should be s considered, and vice versa. See Bonnie Ann F. v. Callallen Independent School Board, 835 F.Supp. 340 (S.D. Tex. 1993).

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

reviewing courts "must give substantial deference to the trial judge's decision '"who saw and heard the witnesses and has the feel of the case which no appellate printed transcript can impart."'" Becker v. ARCO Chemical Co., 207 F.3d 176, 180 (3rd Cir. 2000)(quoting Bhaya v. Westinghouse Electric Corp., 922 F.2d 184, 187 (3rd Cir. 1990), quoting in turn Cone v. West Virginia Pulp & Paper Co., 330 U.S. 212, 216, 67 S. Ct. 752 (1947)). Although these cases were decided in the context of an appellate court reviewing a trial court's decision to grant a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedures, their reasoning is equally applicable to an administrative hearing from which an appeal has been taken. Thus, in order to justify the reversal of the hearing officer based upon her assessment of Dr. Sharpe, Ms. LaRussa, and Dr. Bregman's testimony, the plaintiffs would have to demonstrate that the hearing officer abused her discretion. They have failed to do so.

## II. CONCLUSION

For the reasons set forth herein, as well as in the accompanying Local Rule 9(c)(2) Statement and in the Board's November 14, 2003 Motion for Summary Judgment, November 14, 2003 Local Rule 9(c)(1) Statement, and November 14, 2003 Memorandum of Law in Support of Defendant's Motion for Summary Judgment, the Board respectfully requests that this court affirm the hearing officer's decision in the underlying due process administrative hearing and dismiss this appeal thereof.

10

THE DEFENDANT,
NEW BRITAIN BOARD OF EDUCATION


By: /s/ Nicole A. Bernabo
Nicole A. Bernabo
Federal Bar No. ct19783
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, Connecticut 06105
Telephone: (860) 233-2141
Facsimile: (860) 233-0516
E-mail: nbernabo@sscc-law.com

### CERTIFICATION

This is to certify that a copy of the foregoing Memorandum of Law in support of its motion for Summary Judgment was sent via first-class mail, postage prepaid, on this 9th day of December 2003, to: Lawrence W. Berliner, Esq., Law Offices of Howard Klebanoff, P.C., 433 South Main Street, Suite 102, West Hartford, CT 06110.

_____
Nicole A. Bernabo

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326