UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



2003 DEC 11  A 11: 43

B.L., Individually and through
Her Parents and next friends,
Mr. and Mrs. T.L., Plaintiffs

CIVIL ACTION NO.

v.

3:02 CV 767 (CFD)

New Britain Board of Education,
     Defendants

December 9, 2003

### PLAINTIFFS' REPLY MEMORANDUM OF LAW TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**I. IINTRODUCTION**

  This matter is before the Court as the plaintiff's Motion for Summary Judgment on Count Four of the Complaint and defendant's Motion for Summary Judgment on the entire Complaint, each respective motion alleging, *inter alia*, that there are no material facts in dispute requiring adjudication by the Court, thereby allowing the Court to render judgment as a matter of law. *Anderson v. Liberty Lobby* 477 U.S. 242, 247-48 (1986); *Schonholtz v. Long Island Jewish Medical Center* 87 F. 3d 72, 77 (2d Cir. 1996).

  For the reasons set forth herein, the plaintiffs respectfully request the Court to deny the defendant's motion by finding that there are sufficient material facts in dispute that makes the summary judgment inappropriate, for the reasons that were alleged by the defendant. Further, the plaintiffs respectfully request the Court to grant plaintiffs' motion for partial summary judgment for the reasons set forth in their motion.

II.     **ARGUMENT**

### A. THE COURT SHOULD REJECT DEFENDNANT'S REQUEST TO OBJECT TO THE RECORD ON THE GROUINDS THAT THE RECORD WAS NOT PROVIDED TO THE DEFENDANT

In footnote number one, the defendant has asserted that it had made repeated inquiries that the administrative record was filed. This contention is patently false. Counsel for the defendant had contacted plaintiffs' counsel regarding the filing of the administrative record. Counsel for the plaintiff had initially advised defendant's counsel that he had been under the impression that the record had been filed by the Connecticut Department of Education when that state agency was originally a party to this action. Upon rereading the file, plaintiff's counsel had contacted defendant's counsel and advised her that the administrative record had not been filed by the State Department of Education, but a duplicate copy had been provided to the plaintiff with the understanding that it would be filed by that party. Counsel for the plaintiff had described the administrative record in detail to defendant's counsel and advised her that the exhibit numbers for each document was identical to the exhibit numbers of the documents filed in the administrative proceeding. Counsel for the defendant was advised that a copy of the record would be filed with the plaintiffs' motion for summary judgment. Counsel had offered to make a duplicate copy of that record upon defendant's request. Since the defendant never made such a request, an original copy was filed with the Court only, along with transcripts of certain portions of the administrative proceedings. The Court should reject any claim by the defendant that it was prejudiced in any way through its failure to request a duplicate copy of the administrative record.

## B. THE COURT MAY FIND THAT THERE IS A DISPUTED ISSUE OF MATERIAL FACT AS TO WHETHER THE PLAINTIFF'S PROCEDURAL DUE PROCESS RIGHTS WAS VIOLATED AS ALLEGED IN THE COMPLAINT.

The defendant has asserted that plaintiffs' claims were based upon conclusory allegations that have no basis in the administrative record or in the Hearing Officer's final decision. *Defendant's Memorandum of Law at p. 8.* The record clearly established that the plaintiffs had a right to a Due Process hearing to resolve their special education dispute over the provision of FAPE. The administrative hearing itself would need to comport with the basic procedural requirements Due Process including notice and being provided with a meaningful opportunity to be heard long recognized by the United States Supreme Court in *Goldberg v. Kelly* 397 U.S. 254 (1970), as well as the IDEA itself as set forth in that statute, 20 U.S.C. §1415, as well as its procedural safeguards. 34. C.F.R. § 300. 509. See also, *Dean v. Huntsville Board of Education* 17 EHLR 674,676 (N.D. Ala. 1991).[1]

The final administrative decision of the Hearing Officer must be supported by substantial evidence on the record of the administrative proceeding. *Conn. Gen. Stat.* §4-183 (j), See, *Balsamo v. Chater* 142 F. 3d 75, 79 (2d Cir. 1998). In the present matter this was not a situation whereby the Hearing Officer had failed "to credit certain witness testimony," as alleged by the defendant. *Defendant's Memorandum of Law at p.8.* Instead, this matter involves the Hearing Officer's complete failure to discuss relevant testimony presented by Dr. Cherkes-Julkowski, Dr. Susan Sharpe, or Karen LaRussa altogether, and in at least one instance the Hearing Officer had completely mischaracterized the testimony and written recommendations of Dr. Joel Bregman. This evidence, as well as the testimony of Dr. Colon-Rodriguez, was relevant to the central

---

[1] The EHLR was the predecessor legal reporter to the IDELR.

3

issue of whether or not the plaintiff B.L. had received FAPE for the 2001-02 school year. Rather than reconcile the competing testimony or ascertain the credibility of the witnesses' testimony, the Hearing Officer completely ignored it. This is hardly the "textbook example" of the rights afforded to the plaintiffs under 20 U.S.C. §1415, as asserted by the defendant. *Defendant's Memorandum of Law at p. 9*. Instead, the final decision clearly illustrates the violation of those Fourteenth Amendment procedural rights.

      Contrary to the defendant's assertion, the Hearing Officer did not "carefully weigh the evidence," *Defendant's Memorandum of Law at p. 9*, especially since there is not a scintilla of evidence or testimony in the findings of facts credited to Dr. Susan Sharpe regarding the plaintiff's needs and how her needs were being met at Ben Bronz Academy, or to the speech and language pathologist's recommendations presented by Karen LaRussa[2], or to the second evaluation report and her response to the Board's request for clarification of the first evaluation report prepared by Dr. Cherkes-Julkowski. This hardly comports with the careful and deliberative process of weighing the evidence or assessing the credibility of witness testimony asserted by the defendant, *Id*, that is typically part of the adjudicative process. Instead, the defendant would have this Court that a final administrative decision that was not supported by substantial evidence on the record served as an adequate substitute for ensuring that the plaintiffs' procedural Due Process rights were adequately protected. If the decision of an administrative agency's findings were not supported by substantial evidence, then the agency's legal conclusions cannot withstand judicial review and the matter is usually remanded to the agency for further proceedings. *Salmon v. department of Public Health* 259 Conn. 288, 304-305, 788 A. 2d 1999 (2002). The Court may find that the adjudication of plaintiffs' procedural Due Process rights presents a contest issue of material fact

---

[2] Karen LaRussa had recommended speech and language services whereas the defendant recommended the discontinuation of such services.

4

especially as to whether the administrative record supported the final decision.

### C. THE COURT MAY FIND THAT THERE IS A DISPUTED ISSUE OF MATERIAL FACT AS WHETHER THE DEFENDNANT PROVIDED THE PLAINTIFF B.L. WITH FAPE.

The defendant has correctly asserted that the plaintiff had requested placement at Ben Bronz Academy in order to receive FAPE. *Defendant's Memorandum of Law at p. 12*. Plaintiffs' request was predicated not procedural violations of the IDEA, *Walczak v. Florida Free Union School District* 142 F. 3d 119, 129 (2d Cir. 1998), but predicated upon the fact that the 2001-02 IEP lacked substantive content because it was not reasonably calculated to confer meaningful educational benefit upon the plaintiff B.L. *Id.*, *Mrs. B. V. Milford Board of Education* 103 F. 3d 114, 1121 (2d Cir. 1997).

In support of this contention, the plaintiffs had presented various witnesses including the testimony of Dr. Cherkes-Julkowski who provided credible testimony that B.L. skills during the 2000-01 school year may have regressed based upon her second evaluation report, *AR-Parent's Exhibit No. P-14*, as well as a speech and language evaluation report establishing that B.L. had unremediated speech and language needs, *AR-Parent's Exhibit No. P-16*, whereas the Defendant's speech and language evaluation found that that B.L. did not have any such needs. Rather than address the plaintiffs' concerns in developing the IEP for the 2001-02 school year, the Board ignored them altogether at the June, 2001 PPT meetings and thereafter. Instead of discussing this substantive evidence that was presented to the Hearing Officer, the defendant has now elected instead to adopt the Hearing Officer's rationale that this evidence was not presented at the June, 2001 PPT meetings and therefore it was not relevant and can be completely ignored. *Defendant's Memorandum of Law at p. 14*. However, the defendant, like the Hearing Officer, has failed to comprehend the fact that there was nothing preventing the Board from scheduling a PPT meeting after it had received Karen

LaRussa's evaluation or scheduling a PPT after it had received Dr. Cherkes-Julkowski's second evaluation. Instead, the Board had attempted to obfuscate the issues by conjuring up new evidence by claiming that B.L. had been formally "withdrawn" from the defendant's school district, thereby preventing from revising the disputed IEP. If the defendant is now claiming that it was prepared to address the plaintiff's concerns that the 2001-02 IEP was not appropriate to B.L.'s needs, then query why did it proceed to a hearing rather than send out a notice for another PPT to consider the two evaluation reports. The plaintiffs were deprived of a meaningful opportunity to have their concerns addressed at the June, 2001 PPT meetings or any time thereafter regarding the development of B.L.'s IEP. 34 CFR Part 300-Appendix-A, Question No. 5, 64 *Fed. Reg.* p. 12473 (3/12/99); *Scottsdale Unified School District,* 38 IDELR 204 (SEA 2003). Thus, the Court may conclude that there is a contested issue of fact as to whether the 2001-02 IEP could provide B.L. with FAPE.

### D. THE COURT SHOULD REJECT DEFENDANT'S ATTEMPT TO INSERT NEW CLAIMS TO THE FEDERAL COURT THAT WERE NEVER PRESENTED BY THE DEFENDNANT TO THE ADMINISTRATIVE HEARING OFFICER

The Board has asserted a new claim that was never presented for adjudication by the Hearing Officer. For the first time it has interposed the claim that it was prevented from revising B.L.'s IEP following the June, 2001 PPT meeting and was not provided with another opportunity to develop another IEP. *Defendant's Memorandum of Law at pp. 14-15.* This claim was never asserted at the administrative hearing and the Board is precluded from raising it as an issue on appeal. Even if the issue could be legitimately asserted on appeal, the record clearly shows that the plaintiffs provided the Board with the opportunity to provide B.L. with an appropriate IEP at PPT meetings convened on April 10, 2000, June 1, 2000, September 7, 2000, December 20, 2000, March 16, 2001, June 7, 2001 and June 19, 2001, to discuss the plaintiff's concerns with B.L.'s

progress during the 2000-1 school year, as well as to develop an IEP for the 2001-02 school year. *AR- Administrative Record- B-34, B-36, B-43, B-59, B-61, and B-68.* There is nothing in the record of these PPT meetings that established that the defendant was prevented by the plaintiffs from addressing their concerns. Further, there was nothing in the record of the June, 2001 PPT meetings, *AR- Administrative Record-B-68*, that the plaintiffs had presented any evidence presented ever establishing the fact that B.L. had been formally withdrawn from the school district. If the plaintiffs had submitted a formal withdrawal, then that would have foreclosed their right to receive special education and their claims would have been arguably moot. The Court should deny summary j judgment to the defendant on this claim or contention and find instead that B.L.'s parents had provided the defendant with the requisite notice per the provisions of 34 CFR §300. 403(d), that they had rejected the 2001-02 placement, that they had stated their concerns, and they had provided notice of their intent to place B.L. at a private school, in particular Ben Bronz Academy.

### E. THE COURT SHOULD REJECT THE DEFENDNANT'S CLAIM THAT THE PLAINTIFFS HAVE ASSERTED THAT THE HEARING OFFICER HAD "DISREGARDED" THE TESTIMONY OF Dr. BREGMAN.

The defendant claims that that the plaintiffs have asserted that the testimony of Dr. Bregman was disregarded by the Hearing Officer. *Defendant's Memorandum of Law at p. 15.* In fact the Hearing Officer did not disregard tat testimony, but totally garbled that testimony to have it state the opposite of what the witness had recommended. As set forth in the plaintiffs' memorandum of law in support of their motion for summary judgment, *Plaintiff's Memorandum of Law at pp.11-12;* Dr. Bregman had recommended a small structured program if B.L.'s needs could not be met in a mainstream class because of her anxiety, difficulties with self-confidence and self esteem, and the fact

7

that she was not making sufficient academic progress. *Testimony of Dr. Bregman p. 7-12 (12/17/01 Transcript).* Rather than incorporate the testimony of this witness or correctly cite to his evaluation report, *AR- Administrative Record-B-69,* the Hearing Officer concluded the opposite and found that the witness had effectively endorsed defendant's program and placement. Clearly, this presents a contested material fact and the Court should deny the defendant summary judgment on this claim or contention.

The plaintiffs have established sufficient grounds for the Court to find contested issues of material facts based upon the claim and contentions presented by the defendant and in particular whether the 2001-02 program and placement would provide B.L. with FAPE. It is therefore appropriate for the Court to determine whether the private placement selected by the plaintiffs would be appropriate for B.L.'s needs. However, since the hearing officer did not make any findings with respect to whether Ben Bronz Academy would provide FAPE, despite extensive testimony from Dr. Susan Sharpe, *Testimony of Susan Sharpe, passim, Transept of November 16, 2002 Hearing),* and evaluation and progress reports from the private school, *AR-Administrative Record-P-13, P-16,* summary judgment on this issue is inappropriate especially since there is nothing within the Hearing Officer's final decision to review. The Hearing Officer made no findings whatsoever with respect to Ben Bronz Academy and she simply concluded that because the defendant had established that its 2001-02 IEP provided B.L. with FAPE, the request for reimbursement for the costs of Ben Bronz Academy would be denied.

## III.    CONCLUSION

The plaintiffs have established that there are issues of material fact that does not make the claims or contention set forth by the defendant easily resolved through a motion for summary judgment. As set forth in this memorandum of law as well as the

plaintiffs' memorandum of law in support of summary judgment and supporting materials, there are specific facts beyond the allegations in the pleadings that establish a genuine issue for trial. *Amnesty Am v. Town of West Hartford* 288 F.3d 467, 470 (2d Cir. 20020(citation omitted). Since the plaintiff is the non-moving party on the issues presented by the defendant, the plaintiff respectfully requests the Court to resolve any and all reasonable inferences against the moving party and deny the defendant's motion for summary judgment. *United States v. Diebold, Inc.* 369 U.S. 654, 655, 82 S.Ct 993 (1962).

Respectfully submitted,

THE PLAINTIFFS

By _____
Lawrence W. Berliner
Howard Klebanoff, P.C.
433 South main Street
Suite 102
West Hartford, CT 06110
1-860-313-5005
Federal Bar No. ct 7002